(No. 1697—

ELSIE MILLIGAN, A WIDOW, ETC., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 9, 1932.*

FRANK E. LEMON AND JOHN BEDINGER, for claimant.

OSCAR E. CARLSTROM, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

Mr. JUSTICE ROE delivered the opinion of the court:

Thomas Edward Milligan was employed on October 14, 1930, as a carpenter at the Kankakee State Hospital. On November 4, 1930, while engaged with other workmen in re-roofing Cottage Two South, one of the buildings of the said State institution, he fell from a scaffold upon concrete steps below, a distance of approximately twenty-three feet, and thereby received severe injuries from which he died two days later.

This claim is filed by Elsie Milligan, the widow of the deceased for damages under the Workmen's Compensation Act of 1911. The Attorney General, in his statement, agrees that the facts as set forth in the abstract of testimony and the statement filed by the attorneys for the claimant are substantially correct. The deceased was fifty-one years of age at the time of the accident and his family consisted of the claimant and one minor child, Mary Alberta, whose age was eight years at the time of her father's death. The deceased was receiving Ten Dollars and 40/100 Dollars ($10.40) per day as wages from the respondent and his earnings during the previous year were about One Thousand Dollars ($1,000.00).

It has been the rule of this court to consider the employees of the State of Illinois who are injured in the source of their employment, in the same manner as if they were employed by private individuals. This court has jurisdiction not only to determine whether the claimant is entitled to such compensation, but also to determine the amount that should be allowed.

It is manifest from the provisions of the statute that the employment of the deceased as a carpenter by the respondent for the purpose of remodeling or altering a State structure or building, is of such a nature as properly comes under the Classification of the Workmen's Compensation Act.

We believe that the liability of the respondent is clearly established under the above act and taking into consideration all the circumstances, it is ordered that claimant be and she is hereby awarded the sum of Three Thousand and Seven Hundred Fifty Dollars ($3,750.00), which includes Three Hundred and Fifty Dollars ($350.00), for Mary Alberta, which is statutory allowance for a minor child under the age of sixteen years under the above Act, and the court recommends the payment of the total amount of Three Thousand Seven Hundred and Fifty Dollars in full compensation for the injury sustained.